PER CURIAM.
Leroy Anderson, Sr., appeals the court’s order directing the resignation of co-plenary guardians and the appointment of new counsel for the ward. We affirm the appointment of new counsel for the ward; however, we reverse that portion of the order directing that the co-plenary guardians submit their resignations.
We conclude that there is competent evidence to support the trial court’s order appointing new counsel for the ward in this case. This guardianship continues to present a tug-of-war between one eo-plenary guardian, an attorney who has failed to file required court guardianship documents, and a eo-plenary guardian, who is the ward’s husband and who has no confidence or trust in the attorney. The trial court’s order directs the co-plenary guardians to submit their resignations in this case. We find no statute that supports that procedure. Section 744.467, Florida Statutes (1995), provides for the voluntary resignation by a guardian. Section 744.474, Florida Statutes (1995), provides reasons for removal of a guardian by the trial court, one of which is failure to discharge a guardian’s duties, including timely filing of guardianship reports.
If the two guardians have voluntarily resigned, this issue is moot. If the co-plenary guardians desire to maintain their guardianship positions, the trial court must determine whether there are proper grounds to remove either guardian pursuant to section 744.474.
Affirmed in part; reversed in part and remanded for further proceedings.
PARKER, C.J., and PATTERSON and FULMER, JJ., concur.